UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-CV-80553-AMC

DONTE DAMES,

Plaintiff,

vs.

WEST PALM BEACH VA MEDICAL CENTER, and
U.S. DEPARTMENT OF VETERANS AFFAIRS

Defendants.

_______________________________________/

**REPORT AND RECOMMENDATION ON MOTION TO DISMISS COMPLAINT [ECF No. 10]**

Donte Dames sues the West Palm Beach VA Medical Center and the U.S. Department of Veterans Affairs under the Federal Tort Claims Act for negligence, medical malpractice, intentional infliction of emotional distress, civil battery, and false imprisonment. ECF No. 1. These claims arise from Mr. Dames being held involuntarily at the VA Medical Center on May 13-14, 2021. *Id.*

Defendants move to dismiss the Complaint for lack of subject matter jurisdiction, for being a shotgun pleading, and for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1), (b)(6); *Weiland v. Palm Beach Cnty. Sheriff's Office,* 792 F.3d 1313 (11th Cir. 2015). A court must resolve any "jurisdictional issues before considering whether a claim was stated by the complaint." *Madara v. Hall*, 916 F.2d 1510, 1514 n.1 (11th Cir. 1990) (citation

omitted); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The party bringing suit bears the burden to prove that subject matter jurisdiction exists. *King v. Cessna Aircraft Co.*, 505 F. 3d 1160, 1171 (11th Cir. 2007) (citation omitted).

Defendants argue that there is no subject matter jurisdiction because the FTCA permits suits only against the United States of America, not against its agencies. Mr. Dames agrees that the United States is the proper party defendant. ECF No. 12 at 3. For this reason, the Complaint must be dismissed for lack of subject matter jurisdiction.

Defendants argue in the alternative that the Complaint is a shotgun pleading because it fails to differentiate which allegations pertain to each Defendant. ECF No. 10 at 5. Mr. Dames does not address this argument in his Response. This issue now appears to be moot because Mr. Dames concedes that there is only one proper defendant for his claims.

Defendants next argue that Congress, through the FTCA, has not waived sovereign immunity to permit suits for intentional torts, so there is no subject matter jurisdiction over the claims for intentional infliction of emotional distress, civil battery, and false imprisonment. ECF No. 10 at 6-9; *see Thompson v. McHugh*, 388 Fed. Appx. 870, 872 (11th Cir. 2010) ("Federal courts have jurisdiction over suits against the United States and its agencies only to the extent that sovereign immunity has been waived."). Mr. Dames argues in response that 38 U.S.C. § 7316(f) "allows the United States to be sued under the FTCA for certain intentional torts committed

by VA health care employees in the context of providing medical care." ECF No. 12 at 3. The Government disagrees that the allegations in the Complaint relate to providing medical care. ECF No. 14 at 4.

Defendants next argue that, even assuming a cause of action exists under the FTCA for negligence and medical malpractice, Mr. Dames has not stated a claim for relief. Defendants first argues that the facts fail to plausibly allege a breach of duty by any VA employee.[1] They also argue that the VA employees are shielded by the Florida Baker Act. ECF No. 10 at 9-11. Mr. Dames' Response does not directly address these arguments.

Mr. Dames asks for leave to amend the Complaint to remedy its shortcomings. ECF No. 12 at 2. He plans to name the United States as the proper defendant, "replead counts 1, 2, and drop count 3 and . . . replead certain counts and to drop others." ECF No. 12 at 5. Pursuant to Federal Rule of Civil Procedure 15(b) the "court should freely give leave when justice so requires." "A district court should not deny leave to amend unless there has been undue delay, the amendment would unduly prejudice the opposing party, or the amendment would prove futile. Indeed, '[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.'" *So. Beach Hotel, LLC v. Molko*, No. 09-

[1] Defendants attach several exhibits to their motion which comprise paperwork relating to Mr. Dames visit to the VA Hospital. *See* ECF Nos. 10-1 through 10-5. In ruling on a motion to dismiss, the Court may consider only the well-pled facts in the complaint and other documents that are central to the Plaintiff's claims and whose authenticity is undisputed. Neither party addressed whether the Court could properly consider these exhibits. Because I recommend granting leave to amend, I need not resolve that issue.

21393-CIV, 2009 WL 10667895, at *3 (S.D. Fla. Oct. 14, 2009) (J. Altonaga) (citations omitted).

Mr. Dames has not previously amended his Complaint. This litigation is in its early stages — the Court has not yet entered a scheduling order. There has not been undue delay in seeking leave to amend nor has the Government identified how it will be unduly prejudiced by allowing an amended Complaint. I cannot say that permitting an amended complaint, which could allege new or different facts and different claims, would be futile. If, consistent with Rule 11, Mr. Dames can replead some of his existing claims or add new claims, he should be permitted the chance to do so.

**REPORT AND RECOMMENDATION**

Accordingly, this Court **RECOMMENDS** that the District Court GRANT the Motion to Dismiss the Complaint with leave to file an Amended Complaint on or before September 16, 2022.

**NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the

district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and ORDERED** in Chambers this 2nd day of September, 2022, at West Palm Beach in the Southern District of Florida.

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE