UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-80553-CIV-CANNON/Reinhart

**DONTE DAMES**,

    Plaintiff,

v.

**UNITED STATES OF AMERICA**,

    Defendant.
_____/

ORDER ACCEPTING IN PART
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND DISMISSING AMENDED COMPLAINT

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Amended Complaint (the "Motion"), filed on November 16, 2022 [ECF No. 20]. Defendant argues that Plaintiff's Amended Complaint should be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted [ECF No. 20]. Following referral [ECF No. 23], Magistrate Judge Bruce E. Reinhart issued a Report and Recommendation (the "Report") [ECF No. 24]. In the Report, issued on April 18, 2023, Judge Reinhart determined that the Court has subject matter jurisdiction over all of Plaintiff's claims, but that Defendant's Motion should be granted because Plaintiff failed to state a claim upon which relief can be granted [ECF No. 24]. Defendant timely objected to the Report's jurisdictional ruling [ECF No. 25]. Plaintiff did not file objections or respond to Defendant's objections, and the time to do so has expired. The Court has reviewed the Report [ECF No. 24], Defendant's Objections [ECF No. 25], and the entire record. For the following reasons, the Report [ECF No. 24] is **ACCEPTED IN PART**; Defendant's Motion to Dismiss Plaintiff's Amended Complaint

CASE NO. 22-80553-CIV-CANNON/Reinhart

[ECF No. 20] is **GRANTED**; and Plaintiff's Amended Complaint [ECF No. 19] is **DISMISSED FOR LACK OF JURISDICTION in part and otherwise DISMISSED WITH PREJUDICE**.

## BACKGROUND[1]

This case arises out of Plaintiff's visit to the West Palm Beach Department of Veterans Affairs ("VA") Medical Center on May 17, 2021 [ECF No. 19 ¶¶ 2–13]. After checking into the facility, Plaintiff met with Dr. Vil, a psychologist, via a video-call [ECF No. 19 ¶ 15]. According to Dr. Vil's notes, Plaintiff agreed "with admission to 3C psychiatric unit at this point . . . to help cope with some depressing issues and to regain some stability" [ECF No. 19 ¶ 15]. Following his initial meeting with Dr. Vil, Plaintiff met with another doctor, Dr. Schmidt [ECF No. 19 ¶ 18]. Dr. Schmidt told Plaintiff that he could agree to be voluntarily admitted to the psychiatric ward, or, that if he did not agree, he would be admitted involuntarily for three days under Florida's Baker Act, Fla. Stat. § 394.463 [ECF No. 19 ¶ 19]. Plaintiff agreed to be voluntarily admitted to the psychiatric ward to avoid being admitted under the Baker Act [ECF No. 19 ¶ 21]. Plaintiff spent the night in the psychiatric unit and was released the next day [ECF No. 19 ¶¶ 23–26].

On April 7, 2022, Plaintiff filed a five-count complaint, invoking the Court's subject matter jurisdiction under the Federal Tort Claims Act ("FTCA"), against the West Palm Beach Veterans Affairs Medical Center and the United States Department of Veterans Affairs [ECF No. 1]. The initial Defendants filed a Motion to Dismiss [ECF No. 10], which the Court granted because the FTCA permits lawsuits against the United States only, not its agencies [ECF Nos. 15, 18]. The Court granted Plaintiff leave to file an Amended Complaint to fix this error [ECF No. 18], and Plaintiff filed an Amended Complaint naming the United States as the sole defendant [ECF No. 19]. Plaintiff brings the following counts against the United States:

---

[1] For purposes of this Order, the allegations in the Amended Complaint [ECF No. 19] are accepted as true.

- Count I – Negligence

- Count II – Medical Malpractice

- Count III – Intentional Infliction of Emotional Distress

- Count IV – False Imprisonment

[ECF No. 19 ¶¶ 35–95].

The United States filed the instant Motion to Dismiss under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure [ECF No. 20]. As to subject matter jurisdiction, the United States argues that the Court lacks jurisdiction over Counts I and II to the extent those counts rest on a theory of lack of informed consent, which is a legally distinct theory Plaintiff failed to raise in his administrative claim as required by the jurisdictional exhaustion provision in 28 U.S.C. § 2675(a) [ECF No. 20 pp. 21–23; ECF No. 25 p. 3; *see* ECF No. 20-5 (administrative claim)]. The United States then moves to dismiss Counts III and IV in their entirety for lack of jurisdiction, explaining that it has not waived sovereign immunity for the intentional torts alleged in those counts [ECF No. 20 pp. 15–21 (citing 28 U.S.C. § 2680(h) and 38 U.S.C. § 7316(f)); ECF No. 25 pp. 5–9]. The Report rejected both arguments [ECF No. 24 pp. 3–7] but determined that the Amended Complaint nevertheless warrants dismissal pursuant to Rule 12(b)(6) because Plaintiff failed to state a claim on which relief can be granted on all four counts [ECF No. 24 pp. 7–15]. The United States objected to the Report's conclusion that the Court has subject matter jurisdiction over Plaintiff's claims but otherwise agreed with the Report's 12(b)(6) analysis [ECF No. 25]. The Motion to Dismiss is ripe for adjudication [ECF Nos. 21, 22, 24, 25].

## LEGAL STANDARD

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822

(11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

## DISCUSSION

The Court addresses its subject matter jurisdiction in light of the Objections to the Report and then accepts the Report's unobjected-to recommendations as to Rule 12(b)(6) for the claims over which the Court has jurisdiction.

### I.     Exhaustion of Administrative Remedies

The first issue before the Court is whether Plaintiff exhausted his administrative remedies on Count I (Negligence) and Count II (Medical Malpractice) of his Amended Complaint to the extent those counts are based on a lack of informed consent theory of liability. The United States says Plaintiff failed to exhaust his administrative remedies as to parts of those counts because his administrative claim, filed on June 17, 2021 [ECF No. 20-5], makes no reference to a lack of informed consent and does not otherwise assert such a claim—thus precluding this Court from exercising jurisdiction over those counts to the extent they rest on such a theory [ECF No. 25 pp. 3–5]. The Report concluded that Plaintiff had exhausted his administrative remedies with respect to a lack of informed consent theory of liability because the allegations in the administrative complaint were "sufficient to put the VA on notice that [Plaintiff] was asserting a lack of informed consent" [ECF No. 24 p. 5]. The Court agrees with the United States and

determines that Plaintiff did not exhaust his administrative remedies with respect to his lack of informed consent theory of liability.

Before filing a lawsuit against the United States under the FTCA, a plaintiff must first exhaust administrative remedies. 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail . . . ."); *see also Smith v. United States*, 7 F.4th 963, 973 (11th Cir. 2021) (quoting 28 U.S.C. § 2675(a)). "Only those claims presented initially to the appropriate administrative agency are cognizable in a tort action against the United States." *Davis v. Marsh*, 807 F.2d 908, 912 (11th Cir. 1987) (citing *Bush v. United States*, 703 F.2d 491, 494 (11th Cir. 1983)). Federal courts lack subject matter jurisdiction over those claims that a plaintiff has not brought before the appropriate federal agency. *Caldwell v. Klinker*, 646 F. App'x 842, 847 (11th Cir. 2016).

In Counts I and II of the Amended Complaint, Plaintiff alleges that the United States was negligent and committed medical malpractice because, *inter alia*, the doctors at the VA facility failed to provide Plaintiff with an opportunity to give "express and informed consent" [ECF No. 19 ¶¶ 46, 65]. In his administrative claim, however, Plaintiff never alleged that the doctors failed to provide him with the opportunity to give informed consent [*see* ECF No. 20-5]. Instead, Plaintiff alleges that "he was threatened and involuntarily held against his will by the Veterans Affairs medical staff," and that as a result, he was bringing claims for "Medical Malpractice; Intentional Infliction of Emotional Distress" [ECF No. 20-5 p. 2]. The Report concluded that this was enough to "put the VA on notice that [Plaintiff] was asserting [a claim for] a lack of informed consent" [ECF No. 24 p. 5]. But "[l]ack of informed consent is a separate and distinct theory of negligence, different from general medical negligence." *Sherrer v. Hollingsworth*, 274 So. 3d 407, 409 (Fla.

Dist. Ct. App. 2019). General medical negligence involves allegations that a doctor is negligent in his care of a patient, whereas lack of informed consent involves allegations that a doctor failed to provide a patient with adequate information prior to beginning treatment. *Chua v. Hilbert*, 846 So. 2d 1179, 1181 (Fla. Dist. Ct. App. 2003). Here, Plaintiff's administrative claim does not reference any allegation that the VA physicians failed to "advise [Plaintiff] of the material risks of" being admitted to the psychiatric ward, *State v. Presidential Women's Ctr.*, 937 So. 2d 114, 116 (Fla. 2006), or "failed to disclose risks involved in [any] medical procedures," *Bush v. United States*, 703 F.2d 491, 494 (11th Cir. 1983). Instead, Plaintiff alleged that "the medical records fail[] to list any valid reason to involuntarily detain [Plaintiff]" [ECF No. 20-5]. While such allegations are sufficient to assert a claim of general medical negligence, they are not enough to assert a medical negligence claim for lack of informed consent. And "[o]nly those claims presented initially to the appropriate administrative agency are cognizable in a tort action against the United States." *Davis*, 807 F.2d at 912. Indeed, "[t]he FTCA requires that *each* claim and *each* claimant meet the prerequisites for maintaining a suit against the government."). *Dalrymple v. United States*, 460 F.3d 1318, 1325 (11th Cir. 2006) (emphasis in original) (citing 28 U.S.C. § 2675(a)). And that requirement is a non-waivable jurisdictional precondition to maintaining a FTCA suit in federal district court. *Id.*; *Bush*, 703 F.2d at 494 (affirming jurisdictional dismissal of lack of informed consent claim where administrative claim raised negligence in performing surgery but did not present a lack of informed consent theory of negligence); *Mader v. United States*, 654 F.3d 794, 805 (8th Cir. 2011) (citing cases).

Because Plaintiff did not bring an administrative claim based on lack of informed consent before the VA, he failed to exhaust his administrative remedies for Counts I and II to the extent those counts are based on a lack of informed consent theory of liability. Accordingly, the Court rejects the Report's determination that the Court has subject matter jurisdiction over Counts I and

II to the extent those counts allege negligence and medical malpractice claims based on a lack of informed consent [*see* ECF No. 19 ¶¶ 46, 65–66].

**II.      Sovereign Immunity for Intentional Torts**

The second issue for resolution is whether Count III (Intentional Infliction of Emotional Distress) and Count IV (False Imprisonment) of the Amended Complaint allege "wrongful act[s] or omissions" related to "furnishing medical care or treatment" and therefore fall within the purview of the VA's limited waiver of sovereign immunity under 38 U.S.C. § 7316(f).

The VA Immunity Statute provides that the FTCA provides the exclusive remedy "for damages for personal injury, including death, allegedly arising from malpractice or negligence of a health care employee of the [VA] in furnishing health care or treatment . . . ." 38 U.S.C. § 7316(a). Although the FTCA excludes intentional torts from the United States' waiver of sovereign immunity, the VA Immunity Statute explicitly disclaims this exclusion for "any claim arising out of a negligent or wrongful act or omission of any person [health care employee of the VA] . . . in furnishing medical care or treatment . . . ." 38 U.S.C. § 7316(f); *Knezevich v. Carter*, 805 F. App'x 717, 724 (11th Cir. 2020).

Here, the Report determined that Counts III and IV "sufficiently allege[] a nexus between the wrongful acts and [Plaintiff's] medical care or treatment," because "[Plaintiff's] theory is that VA employees coercively and involuntarily committed him to the psychiatric ward of the VA hospital even though he only sought outpatient services" [ECF No. 24 p. 7]. The United States argues that the Report erred in this conclusion because "Plaintiff is not alleging injuries resulting from the furnishing of medical care or treatment," and instead, "Plaintiff [is] complain[ing] about the alleged statements made by Dr. [Schmidt] which importantly, occurred *after* Plaintiff had already consented to receive inpatient treatment on a voluntary basis when he met with Dr. Vil earlier that day" [ECF No. 25 p. 8]. This argument is unpersuasive. Plaintiff's alleged injuries in

7

CASE NO. 22-80553-CIV-CANNON/Reinhart

Counts III and IV relate to him seeking outpatient services and the VA coercing him into agreeing to be admitted into the psychiatric ward through the threat of involuntary admission under the Baker Act [ECF No. 19 ¶¶ 70–95]. This sufficiently constitutes "medical care or treatment" under the VA Immunity Statute. 38 U.S.C. § 7316(f). Accordingly, the Report did not err in concluding that the Court has subject matter jurisdiction over Counts III and IV of the Amended Complaint.

## CONCLUSION

For the foregoing reasons, the Court lacks subject matter jurisdiction over Counts I and II of the Amended Complaint to the extent those claims are based on a lack of informed consent theory of negligence. The Court does possess subject matter jurisdiction over Counts III and IV because those counts fall within the purview of the VA Immunity Statute. Finally, Judge Reinhart's Report is well-reasoned and correct with respect to its Rule 12(b)(6) analysis for all four counts of the Amended Complaint (over which the Court has jurisdiction as clarified herein). Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 24] is **ACCEPTED IN PART**.
2. Defendant's Motion to Dismiss [ECF No. 20] is **GRANTED**.
    a. Counts I and II are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction to the extent they raise a lack of informed consent theory.
    b. Counts I and II are otherwise **DISMISSED WITH PREJUDICE** for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.
    c. Counts III and IV are **DISMISSED WITH PREJUDICE** for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

CASE NO. 22-80553-CIV-CANNON/Reinhart

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 1st day of June 2023.

                                             **AILEEN M. CANNON**
                                             **UNITED STATES DISTRICT JUDGE**

cc:    counsel of record